NOT FOR PUBLICATION

**FILED**

# UNITED STATES COURT OF APPEALS

FEB 5 2024

## FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  SOLEDAD M. SOLANO,<br><br>Debtor.<br>_____<br><br>SOLEDAD M. SOLANO,<br><br>Appellant,<br><br>  v.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>Appellee. | No.  23-55040<br><br>D.C. No. 2:21-cv-04684-CJC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted February 5, 2024**

Before:  BENNETT, BADE, and COLLINS, Circuit Judges.

Soledad M. Solano appeals pro se from the district court's order affirming

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the bankruptcy court's denial of her motion for relief from judgment under Federal Rule of Civil Procedure 60(b). We have jurisdiction under 28 U.S.C. § 158(d)(1), and we affirm.

1. On appeal, Solano raises five issues. Solano contends that the "main issue" is whether the bankruptcy court lacked subject-matter jurisdiction to deny her motion for an order to show cause, which was the judgment from which she sought relief under Rule 60(b). The remaining issues concern whether the bankruptcy court could deny Solano's motion for an order to show cause when she had not properly served the IRS or the United States and they never appeared in court. Solano concedes that she is making these arguments "for the first time on appeal."

"A party normally may not press an argument on appeal that it failed to raise in the district court." *One Indus., LLC v. Jim O'Neal Distrib., Inc.*, 578 F.3d 1154, 1158 (9th Cir. 2009). However, subject-matter jurisdiction "can never be forfeited or waived" "because it involves a court's power to hear a case." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citation omitted). We "have an independent obligation to determine whether subject-matter jurisdiction exists." *Id.* But Solano does not actually challenge the bankruptcy court's subject-matter jurisdiction over the case. Rather, her dispute centers on service of process, which "is properly regarded as a matter discrete from a court's jurisdiction to adjudicate a controversy

2

of a particular kind." *Henderson v. United States*, 517 U.S. 654, 671 (1996). Because this issue does not concern the court's subject-matter jurisdiction and was not raised below, we decline to consider it. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990) (collecting cases).

2. Although Solano originally appealed from the bankruptcy court's order denying her Rule 60(b) motion, in her opening brief she does not challenge any portion of that order or the district court's affirmance of that order. Therefore, any arguments relating to those orders are "deemed abandoned." *Wilcox v. Commissioner*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (citations omitted).

**AFFIRMED.**